ROBERT W. ADAM, administrator, *vs.* PHILIP EAMES.

On the trial of an action upon a promissory note, the plaintiff testified to admissions of the defendant in a conversation with him, in proof of the signature; and it appeared that at the end of the conversation there was an understanding between the parties that they should have another interview concerning the note, and that such an interview was had after the action was brought; but the plaintiff did not testify to what occurred at it. *Held*, that it was not competent for the defendant to prove what he said at this interview, either by cross-examination of the plaintiff, or by his own testimony.

CONTRACT on a promissory note purporting to be signed by the defendant, payable to the order of Ethan Janes, the plaintiff's intestate. The defendant denied signing the note. Trial, and verdict for the plaintiff, in the superior court, before *Putnam*, J., who allowed a bill of exceptions of which the following is the portion relating to this issue:

"The plaintiff was called as a witness, and was asked by his counsel, among other things, if he had ever had an interview with the defendant about the note. He replied that he had two, one before the commencement of the suit, and one after.

"He was then asked to state what the defendant said to him about the note at the first interview; and he answered that he showed the note to the defendant, and the defendant took it, held it some time, looked at it, and said he supposed he had pretty much paid the note, that he had paid Janes money from time to time on Janes's statement that the note was lost or stolen, and had his receipts for it; that the defendant produced two receipts signed by Janes, (of which the witness took copies,) and said he

would bring in his other receipts and settle up. The plaintiff also testified that he told the defendant that, if he would come to him and present the receipts, it was all he wanted ; and that the defendant did not come to him until after he had been sued, when he met him at the witness's office. The counsel made no inquiry as to the second interview, and the witness said nothing about it.

" On cross-examination, the defendant's counsel asked the witness what the defendant said to him at the second interview he had spoken of, after the suit was brought. This was objected to by the plaintiff's counsel, and excluded by the judge, to which exclusion exception was taken. The same question was put by the defendant's counsel to the defendant, on his own examination, as to what he said at the second interview ; but the judge excluded it, and the defendant excepted."

*T. P. Pingree & J. M. Barker*, for the defendant. When a matter under discussion at an interview between parties is left open, with notice or an understanding that they are to meet again with reference to it, and in pursuance of said notice or understanding they do meet again and discuss the same subject, the two transactions are to be deemed one interview ; and if any act or omission of a party on one of the occasions is relied on as an admission against himself with reference to the subject discussed, he has a right to insist that the declarations on the two occasions shall be taken together. 1 Greenl. Ev. §§ 201, 218. *Randle* v. *Blackburn*, 5 Taunt. 245. *Thomson* v. *Austen*, 2 D. & R. 358. *Whitwell* v. *Wyer*, 11 Mass. 6, 10. *Mattocks* v. *Lyman*, 18 Verm. 98.

*S. W. Bowerman*, for the plaintiff.

By the Court. The general principle for which the defendant contends, namely, that, when the admission of a party is offered in evidence, he is entitled to have the whole of what he said on the subject, at that interview, stated as a, part of the evidence, is correct, and is not denied. But it does not extend to what he said on another and distinct occasion. It would be unreasonable and dangerous to permit him, on another and separate occasion, to make other statements and put them in evidence and none of the authorities cited for the defendant authorize such

a practice. The evidence excluded related to another conversation at another interview, and was properly excluded.

*Exceptions overruled.*